UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **DEREKE SILVERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-334 |
| | ) Mattice/Steger |
| **KENCO LOGISTIC SERVICES, LLC,** | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Comes now the Defendant, Kenco Logistic Services, LLC ("Kenco" or "Defendant"), by and through its attorneys, and files the following response to the Complaint filed against it by Plaintiff Dereke Silvers. In response to the specific allegations of the Complaint, Defendant states:

1. It is admitted that this is a lawsuit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"). It is denied that Defendant violated Plaintiff's rights under Title VII or that it otherwise discriminated or retaliated against Plaintiff on any basis.

2. The allegations contained in Paragraph 2 of the Complaint are admitted upon information and belief.

3. It is admitted that Defendant has a facility located at 650 Wauhatchie Pike, Chattanooga, Tennessee. It is denied that Defendant's principal place of business is located at this address.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

- 1 -

5. All other allegations in the Complaint not heretofore admitted or denied are now denied. It is further denied that Plaintiff is entitled to any of the damages sought or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has failed to allege in his complaint the protected class to which he claims he belongs and for which he alleges he was discriminated against in violation of Title VII. Even so, all employment decisions affecting Plaintiff were made without regard to any protected class and were made for legitimate, non-discriminatory and non-retaliatory reasons.

2. Pleading in the alternative, to the extent that Plaintiff is able to prove that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regardless of any alleged improper motive.

3. Plaintiff has failed to meet the jurisdictional prerequisites to filing a complaint under Title VII. In particular, Plaintiff failed to timely file the complaint after receipt of his Notice of Right to Sue.

4. Defendant reserves the right to show that Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages, if any. Furthermore, Defendant is entitled to a set-off against the damages claimed by any amounts which Plaintiff made or could have made through reasonable efforts to find reasonable alternative employment and any amounts paid to Plaintiff by, or on behalf of, Defendant.

5. Plaintiff's claims are barred in whole or in part because, to the extent that any person affiliated with the Defendant engaged in conduct contrary to law, which Defendant denies, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without the consent or approval of Defendant. In

particular, but not necessarily limited to, to the extent that any managerial employee of Defendant unlawfully discriminated or retaliated against Plaintiff, such discrimination and/or retaliation was contrary to Defendant's policies prohibiting discrimination and retaliation, and was contrary to the training received by Plaintiff's supervisors and/or managers regarding these issues.

6. Defendant reserves the right to show that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7. Plaintiff's employment was "at will" and, as such, either Plaintiff or Defendant could terminate the employment relationship at any time and for any reason.

8. There is no basis in law or fact for Plaintiff to seek or recover punitive or exemplary damages against Defendant. Defendant made a good faith effort to comply with the law.

9. Defendant is without information as to the availability and/or applicability of any other defenses in addition to those set forth above and reserves the right to amend this Answer to set forth any additional defenses which may be revealed as discovery progresses.

Therefore, the above premises considered, Defendant prays for the following relief:

(a) That Plaintiff's Complaint be dismissed with prejudice;

(b) That judgment be entered in favor of Defendant and that Plaintiff take nothing;

(c) That costs be taxed against the Plaintiff;

(d) That Defendant be awarded attorneys' fees and expenses; and

(e) That Defendant be awarded any and all further legal or equitable relief available to it.

Respectfully submitted,

MILLER & MARTIN PLLC


By:   /s/ Karen M. Smith
      Karen M. Smith  BPR #015042
      Megan Welton  BPR #034483
1200 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402-2289
Telephone:  (423) 756-6600
Facsimile:  (423) 785-8480
Karen.smith@millermartin.com
Megan.welton@millermartin.com

Attorneys for Defendant


### CERTIFICATE OF SERVICE

    I hereby certify that on May 25, 2016, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. In addition, service was made by depositing a copy of the same in the United States Mail, first class, postage prepaid and addressed as follows: via :

    Dereke A. Silvers
    3984 Arbor Place Ln
    Chattanooga, TN 37416

This 25th day of May, 2016.


By:  /s/ Karen M. Smith

- 4 -